JAMES W. MESERVE, and another,

*vs.*

WARREN NASON and SACO RIVER TELEPHONE and TELEGRAPH
Co., trustee, and FRANK W. MCKENNEY, claimant.

### York.    Opinion April 22, 1902.

*Trustee Process.  Assignment.  Consideration.  Exceptions.  Practice.  Costs.*
*R. S., c. 86, §§ 55, par. VI, 79.*

1.  In a trustee process, one claiming the funds in the hands of the trustee
by virtue of a prior assignment from the principal defendant, must prove
that such assignment was for a valuable consideration in order to hold
such funds against the attaching creditors.
2.  As between the plaintiff, trustee and claimant in a trustee process, when
the law court sustains exceptions it need not remit the case for a new
trial or hearing, but can itself finally dispose of the case and order final
judgment.
3.  Costs will ordinarily be awarded to the plaintiff against an unsuccessful
claimant in a trustee process, when the interposition of the claim has
occasioned delay or expense to the plaintiff.

Exceptions by plaintiff.    Sustained.

Assumpsit on account annexed.

The principal defendant was defaulted for the amount claimed in
the writ and interest.

In this court below the order was, trustee discharged; and plain-
tiff alleged exceptions.

The trustee's disclosure showed $45.00 due from it to the princi-
pal defendant for personal labor performed by him within thirty
days next prior to the service of the writ.

*J. M. Marshall; J. O. Bradbury and A. E. Haley,* for plaintiff.

*W. T. Emmons; G. F. and Leroy Haley,* for defendant, trustee
and claimant.

SITTING : WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, JJ.

EMERY, J.   The party summoned as trustee of the defendant in this trustee process disclosed that at the date of the service of the writ upon him, he had in his hands and possession forty-five dollars due the defendant for his personal labor performed within the thirty days next prior to such service.   The alleged trustee also disclosed notice of a claim by assignment of the fund prior to the service of the writ. The claimant of the fund under that assignment was then made a party, and filed his allegations of fact, "so far as respects his title to the goods, effects or credits in question," as provided in R. S., c. 86, § 32.   An issue was thereupon formed between the claimant and the plaintiff, and evidence adduced.   Upon that evidence and the disclosure of the alleged trustee, the court ruled that the trustee should be discharged.   The plaintiff excepted and made the disclosure and "all the testimony presented at the hearing" a part of the case upon his exceptions.   Upon this bill of exceptions the law court can review and determine the whole case between the plaintiff and the claimant and the alleged trustee.   R. S., c. 86, § 79.   *Walcott* v. *Richman*, 94 Maine, 364.

The funds in question originally belonged to the defendant, and were by him "entrusted to and deposited in the possession of" the alleged trustee, and were there remaining when attached by the plaintiff through this trustee process.   The burden of proof was, therefore, upon the claimant.   He had to show by evidence a prior title to the fund, acquired through a transaction, not only valid in itself, but also valid against attaching creditors of the defendant.   A mere voluntary assignment by the defendant to the claimant would not be valid against attaching creditors.   A valuable consideration must be shown.   *Thompson* v. *Reed*, 77 Maine, 425, 52 Am. Rep. 781 ; *Haynes* v. *Thompson*, 80 Maine, 125.

The evidence of assignment was a written order signed by the defendant, directing the alleged trustee to pay forty-five dollars to the claimant or his order ; but there is no evidence whatever that there was any consideration for the order.   It does not even

purport upon its face to have been given for value. For all that appears in evidence it was a mere voluntary order utterly without consideration. In his allegation, or pleadings, the claimant alleged a consideration of goods sold and delivered, but he offered no evidence in support of the allegation and hence has completely failed to establish his claim. *Thompson* v. *Reed* and *Haynes* v. *Thompson,* supra.

The plaintiff, however, cannot hold the entire fund. Twenty dollars of it are exempt from attachment as wages for the defendant's personal labor for a time not exceeding one month next preceding the service of the process. R. S., c. 86, § 55, par. VI; *Quimby* v. *Hewey,* 92 Maine, 129. The alleged trustee can only be charged for the remainder of the fund, viz.: twenty-five dollars, less his legal costs up to and including his disclosure and examination.

The claimant by making his groundless claim has occasioned the plaintiff delay and extra costs of procedure ; hence we think it equitable that the plaintiff should recover costs against the claimant from the time of the latter's appearance. *White* v. *Kilgore,* 78 Maine, 323, 57 Am. Rep. 810.

> *Exceptions sustained. Ruling below reversed. Trustee charged for twenty-five dollars less his legal costs. Plaintiff to recover costs against the claimant since his appearance in the case.*